UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GAYNELL WILSON,** <br><br> *Plaintiff,* <br> v. <br><br> **NATIONAL RAILROAD PASSENGER CORPORATION,** <br><br> *Defendant.* | Civil No.: 1:22-cv-02884-JRR |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Gaynell Wilson's[1] Motion For Leave to Amend Original Complaint, as well as two "supplements" to same.[2] (ECF Nos. 48, 49, and 50; "the Motion.") The court also has before it the parties' supplemental briefing on the Defendant's 12(b)(1) and 12(b)(6) challenges to the court's subject matter jurisdiction and Plaintiff's exhaustion of administrative remedies. (ECF Nos. 54, 55, 56, and 58.) The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.    BACKGROUND**

On November 11, 2022, Plaintiff filed a complaint against Defendant alleging race and sex discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, and seeking "[t]o be fully reinstated with Amtrak with back pay." (ECF No. 1.) On March

---

[1] Plaintiff is currently self-represented (and was self-represented when this action was instituted); however, all of Plaintiff's papers before the court were submitted through counsel of record at the time. Plaintiff was represented by counsel from October 6, 2023, through March 6, 2024. (*See* ECF Nos. 41 and 59.)

[2] As addressed more fully below, ECF Nos. 49 and 50 do not supplement the Motion, but rather should have been filed as attachments to the Motion.

31, 2023, Plaintiff filed an amended complaint without leave of court or Defendant's consent. (ECF No. 19.) Defendant did not object to the amendment, as Plaintiff filed the amended complaint *pro se* and "simply amended to state she sought the damages recoverable under Title VII, and the deadline for amendments of pleading was May 8, 2023." (ECF Nos. 22 and 54 at 2.)

Prior to engaging in discovery, the parties participated in a settlement conference, which did not result in settlement. (ECF No. 28.) Thereafter, the parties engaged in discovery. (ECF No. 54 at 2.) Discovery closed on November 6, 2023. (ECF No. 29.) In the middle of the discovery period, on August 23, 2023, Plaintiff filed a motion to vacate an underlying arbitration award on grounds that the arbitrator exceeded her authority. (ECF No. 36.) On September 5, 2023, Plaintiff filed a supplement to her motion to vacate the arbitration award and a separate motion to supplement the complaint. (ECF Nos. 37 and 38.) The motion at ECF No. 36, as well as the filings at ECF Nos. 37 and 38, were filed by Plaintiff *pro se*. (*See* footnote 1, *supra*.)

On October 6, 2023, Harold L. Boyd, III, Esquire, entered his appearance on behalf of Plaintiff. (ECF No. 41.) On October 16, 2023, the court issued the following paperless order:

> Plaintiff's counsel entered an appearance (ECF No. 41 ) earlier this month. Plaintiff's counsel is directed to confer with Plaintiff regarding the motions at ECF Nos. 36/37 (Motion to Vacate Arbitration Decision and Supplement thereto) and 38 (Motion to Supplement Complaint); and thereafter to confer with defense counsel to determine whether some or all of Plaintiff's previous submissions are to be withdrawn or narrowed. Plaintiff may [] refile her motions (revised with the aid of counsel), if at all, by November 15, 2023. In the event Plaintiff, through counsel, elects to refile revised versions of the motions at ECF Nos. 36 and 38, Defendant may either re-submit its previously filed oppositions (see ECF Nos. 39 and 40 ) or may submit revised oppositions to more directly respond to any new arguments or issues raised through Plaintiff's counsel's submissions. Therefore, the motions at ECF Nos. 36 and 38 are DENIED WITHOUT PREJUDICE.

2

(ECF No. 42.)  On November 15, 2023, Plaintiff, through counsel, filed a second amended complaint, without seeking leave of court or consent of Defendant, and without complying with the court's order at ECF No. 42.  (ECF No. 44.)  On November 21, 2023, the Clerk of Court issued a Quality Control Notice advising that leave of court was required to file the proposed amended complaint (and noting that the submission lacked a proposed order and redline version).  (ECF No. 45.)

On December 3, 2023, Plaintiff filed the instant Motion.  (ECF No. 48.)  Plaintiff separately filed (on the same date) two "supplements" at ECF Nos. 49 and 50.  ECF Nos. 49 and 50 are not true supplements, but rather Plaintiff's mistitled "First Amended Complaint" and a proposed order, both of which should have been filed as attachments to the Motion.  Further, confusingly, within these filings, Plaintiff refers both to an amended "Original Complaint" and a "First Amended Complaint."[3]  The proposed amended pleading is neither; it is a proposed second amended complaint.

On January 8, 2024, the court denied in part the Motion at ECF No. 48 "on the grounds of futility to the extent Plaintiff seeks to amend her pleading to state a claim against Mr. Lamontagne for Title VII violations." (ECF No. 53.)  The court otherwise held the Motion *sub curia* pending further briefing on "Defendant's 12(b)(1) and 12(b)(6) challenges to the court's subject matter jurisdiction and Plaintiff's exhaustion of remedies."  *Id.*  On January 31, 2024, Defendant filed further briefing in opposition to the Motion. (ECF No. 54.)  On February 1, 2024, Defendant filed two exhibits.  (ECF No. 55.)  On February 14, 2024, Plaintiff, through counsel, filed a response and attached seven exhibits. (ECF No. 56.)  On March 1, Defendant filed a reply.  (ECF No. 58.)

---

[3] In addition, Plaintiff filed six exhibits.  (ECF Nos. 49-1 through 49-6.)  Exhibits 5 and 6 are titled to suggest that they are proposed redlines of the second amended complaint and the motion to vacate the arbitration award.  To add to the confusion, neither exhibit is a redline.

3

II.    **LEGAL STANDARD**

**Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 provides in relevant part:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).

The Motion proceeds under Rule 15(a)(2). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly

4

before or during trial.'" *Id.* (quoting *Johnson*, 785 F.2d at 509). The further a case progresses "before judgment [is] entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Id.* (citing *Adams v. Gould*, 739 F.2d 858, 864 (3d. Cir. 1984)). In contrast, an amendment is not prejudicial when "it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)).

In considering futility, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Further, "[a] review for futility is not equivalent to an evaluation of the underlying merits of the case." *Next Generation Group, LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 1141 (1980)). The court must take care not to conflate a futility assessment with a Rule 12(b)(6) challenge for failure to state a claim.

III.   **ANALYSIS**

As an initial matter, as set forth above, the court recognizes that Plaintiff filed her original complaint, first amended complaint (ECF No. 19), and motion to vacate the arbitration award in a *pro se* capacity; importantly, Plaintiff's instant Motion and supplements thereto were filed through, and with the aid of, counsel.[4] Although the submissions presently before the court were filed through counsel of record, Plaintiff is (as of this writing) *pro se*; therefore, it is important to note

---

[4] Plaintiff is currently self-represented.

that the court is ever-mindful and sensitive to the challenges self-represented litigants face.  That said, Plaintiff "as well as other litigants are subject to the time requirements and respect for courts orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).  As important as it is to ensure self-represented litigants be provided open and equal access to the courts, fairness and the orderly administration of the court likewise demand that a party represented by counsel not be expected to endure material departures from court rules—especially where doing so imposes an unreasonable delay, expense, or other prejudice.

Plaintiff's proposed amended pleading seeks to add a harassment claim and "requests that the Arbitration Award be remanded to a new Special Board of Adjustment (SBA) arbitration panel pursuant to the Federal Arbitration Act, 9 U.S.C. Section 10 (b)." (ECF No. 49 at 8.)  Defendant's position is that the amendment should be denied on grounds of prejudice and futility generally, untimeliness and a failure to exhaust remedies as to the proposed harassment claim, and procedural fatal flaws and subject matter jurisdiction as to the arbitration award.

As described above, by its order at ECF No. 53, the court directed the parties to submit further briefing so that the court could determine whether it has subject matter jurisdiction to preside over Plaintiff's claims.[5]  Plaintiff's present submissions add to the already confusing state of her pleadings and related papers.

---

[5] The order provides in part:

> Further, the Opposition [at ECF No. 52 to Plaintiff's Motion at ECF No. 48] asserts various grounds of futility based on failure to exhaust administrative remedies and the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.,* which bears upon the court's subject matter jurisdiction. In advance of ruling on Plaintiff's Motion to amend her pleading, the court directs the parties to more fully brief Defendant's 12(b)(1) and 12b(6) challenges to the court's subject matter jurisdiction and Plaintiff's exhaustion of remedies, respectively, which on their face, are material. Therefore, the court orders briefing as follows: 1. Defendant is directed to raise its 12(b)(1) and 12(b)(6) challenges by separate written brief by January 31, 2024;[] 2. Plaintiff shall respond by February 14, 2024; and 3. Defendant shall reply by March 1, 2024.

Plaintiff now suggests she seeks relief under the Railway Labor Act.[6] Reading all papers before the court in as generous a fashion as is appropriate to construe Plaintiff's claims, allegations and arguments, as best the court can discern, Plaintiff was an employee of Amtrak and a member of the Brotherhood of Locomotive Engineers and Trainmen ("the Union"). (ECF No. 52 at 5-6.) The terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement ("CBA") between Amtrak and the Union. *Id.* Much of Plaintiff's proposed second amended complaint attacks an arbitration award issued by the Special Board of Adjustment relating to her workplace complaints for CBA rule violations, and her subsequent termination (which Plaintiff seeks to revisit anew in this action).[7] (ECF No. 49 at 3-7.) Plaintiff's proposed second amended pleading makes extended and extensive reference to the underlying arbitration of her workplace disputes (which are the genesis of her requests for relief in this forum), including arbitration testimony, decisions/findings of the arbitrator Hearing Officer, and the Special Board of Adjustment's findings and conclusions. Plaintiff further extensively relies upon the CBA, including quoting and citing to workplace rules contained in the CBA, which Plaintiff contends relate to some or all of her workplace complaints (and those she asks this court to consider as the

---

> The parties shall direct their briefing to Plaintiff's proposed second amended complaint at ECF No. 49. Plaintiff is directed to take care in correctly referring to the various amendments to ensure the clarity of the record. In addition, Plaintiff is cautioned that, as a matter of law, she bears the burden to prove the court's subject matter jurisdiction. [] Plaintiff is further cautioned that the proposed second amended complaint at ECF 49 fails to conform to the Federal Rules of Civil Procedure and the Local Rules regarding the numeration of paragraphs, margins, spacing, and the like; therefore, counsel is directed to review Federal Rules 9 and 10 . . .

(ECF No. 53, footnotes omitted.)

[6] "Congress enacted the Railway Labor Act (RLA), 45 U.S.C. §§ 151 *et seq.*, to curb disruption of the rail yards, tracks, and terminals that tie our economy together." *Polk v. Amtrak Nat'l R.R. Passenger Corp.*, 66 F.4th 500, 502 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 553, 217 L. Ed. 2d 294 (2024). "Union employees at the Railroad are subject to a Collective Bargaining Agreement ("CBA"), which establishes the terms and conditions of their employment." *Stouffer v. Union R.R. Co., LLC*, 85 F.4th 139, 144 (3d Cir. 2023). "The RLA establishes arbitration boards which have exclusive jurisdiction to resolve disputes over the interpretation or application of CBAs in the railroad industry." *Id.*

[7] The Special Board of Adjustment is a statutory arbitral forum responsible for resolving disputes that arise between railroads and their employees. 45 U.S.C. § 153.

backdrop to her workplace conditions and related disputes, which culminated in her claims for relief in this court). (*See generally* ECF No. 49.)

Plaintiff's proposed second amended pleading and related submissions (all filed through Plaintiff's then counsel of record) generate a great deal of confusion with respect to what Plaintiff is asking of this court and the bases for her requests for relief – despite the court's aim to clarify its job through its order at ECF No. 53. A good portion of this confusion is Plaintiff's apparent misunderstanding of the legal intersections between and among Title VII, the RLA, the CBA, the Federal Arbitration Act, and the limits of the court's jurisdictional reach. Further, much confusion is owing to Plaintiff's failure to abide core pleading principles; still other confusion is owing to the mistitling of document and exhibits, which is repeated throughout the record in this case. The court has devoted much time in an effort essentially to map out the evolution of Plaintiff's requests for relief and bases therefore. The court means no disrespect to Plaintiff, and appreciates well that litigation can be complex and challenging to navigate (for counsel and self-represented parties alike), but the court is not obliged to expend its time trying to make order out of chaos in an effort to aid Plaintiff in stating a claim. That said, the court is ever-mindful of the importance that cases be resolved on their merits where reasonably possible as well as Rule 15's guardianship of the open door to the courthouse.

The instant Title VII action is not the proper vehicle for attacking (and/or seeking review of) the underlying award issued by the Special Board of Adjustments, and the court commends to Plaintiff's attention controlling law on this subject. *See* 45 U.S.C. § 153(q) ("If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or

group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order."); 45 U.S.C. § 153(p) ("The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board: Provided, however, That such order may not be set aside except for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.").

As described above, Plaintiff's proposed amended pleading at once asks the court to "remand" the case to the Special Board of Adjustment under 9 U.S.C. § 10(b), and also demands, based on the same alleged workplace facts, a jury trial on her "Federal EEO claims" (which call on the court to consider Plaintiff's workplace complaints that Defendant violated the CBA as an Amtrak employee under the RLA, and to conclude that Plaintiff was fired in retaliation for making those complaints, and that she was subjected to harsher treatment than her Caucasian male counterparts) and an order that Defendant reinstate Plaintiff.

The Federal Arbitration Act ("FAA") affords Plaintiff no right of remand as a matter of law. 9 U.S.C. § 1 (" . . . . nothing herein contained shall apply to contracts of employment of seamen, railroad employees . . . .") Plaintiff, however, is entitled to file a separate petition under 45 U.S.C. § 153, to be separately docketed as an independent action (*i.e.*, not as a motion in this case).[8, 9]

---

[8] A motion to vacate an arbitration award (whether under the FAA or the RLA) filed in a Title VII action is not the lawful vehicle through which to seek such relief.

[9] The court makes no findings of law or fact with respect to the parties' rights, entitlements, duties and obligations under 45 U.S.C. § 153, or any other provision of the RLA.

Further, to the extent Plaintiff's Title VII claims involve operation and application of the CBA, the claims are precluded by the plain language of the RLA. *See Giles v. Nat'l R.R. Passenger Corp.*, 59 F.4th 696, 702-703 (4th Cir. 2023) (noting that "a federal claim that 'depends for its resolution on the interpretation of a CBA' lacks independence from the CBA, and the RLA precludes it.") (quoting *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 667–68 (7th Cir. 2001)); *Hamilton v. Nat'l R.R. Passenger Corp.*, No. 1:19-cv-01986 (TNM), 2020 WL 6781234, at *5 (D.D.C. Nov. 18, 2020) ("If evidence requires the Court to interpret the CBA or evaluate Amtrak's compliance with it, the same concerns underlying the [preclusion] doctrine are present—this Court is the improper forum for such disagreements because '[a]ny controversies regarding the interpretation or application of the collective bargaining agreement must be resolved pursuant to the [RLA].'") (quoting *Kemp v. CSX Transp., Inc.*, 993 F. Supp. 2d 197, 216 n.16 (N.D.N.Y. 2014)); *Polk v. Amtrak Nat'l R.R. Passenger Corp.*, No. 21-CV-01740-LKG, 2022 WL 2304678 (D. Md. June 27, 2022), *aff'd*, 66 F.4th 500 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 553 (2024) (concluding that plaintiff's Title VII claim that "defendants discriminated against her by wrongfully terminating her employment under Amtrak's Drug and Alcohol-Free Workplace Policy" is precluded by the RLA because it "involves the interpretation and application of the CBA"); *Davis v. Am. Airlines*, No. 3:19-CV-44-MOC-DSC, 2019 WL 2719909, at *4 (W.D.N.C. June 28, 2019), *aff'd sub nom. Davis v. Am. Airlines, Inc.*, 792 F. App'x 265 (4th Cir. 2020) (concluding that court lacks subject matter jurisdiction over plaintiff's employment discrimination claims because court "would have to assess the terms of the CBA").

Here, however, evaluation of Plaintiff's Title VII claims would not appear to require the court to apply or interpret the CBA, inasmuch as Plaintiff does not complain (in this action) that Defendant violated the CBA, but rather that she was subject to unlawful discrimination and

retaliation when she complained that Defendant violated CBA rules – which is to say that whether or not the rules were violated may be of no moment to the court's adjudication on the merits unless Defendant mounts a defense that Plaintiff was properly subject to termination for violation of the CBA. At this stage of the litigation, the court is uninformed as to whether Defendant would, in fact, make such an argument; regardless, "the mere need to consult a collective bargaining agreement does not require preemption." *Giles*, 59 F.4th at 703 (quoting *Rabe v. United Air Lines, Inc.* 636 F.3d 866, 873 (7th Cir. 2011)).

The court, therefore, is not persuaded that the court lacks subject matter jurisdiction over Plaintiff's Title VII claims or that these claims are preempted by the RLA; therefore, the court is not persuaded to disallow amendment on these grounds. As explained above, however, the court agrees with Defendant that Plaintiff is not entitled to "remand" of the arbitration award or to have it vacated (through the instant action); inasmuch as Plaintiff seeks such relief by way of her *ad damnum* in section VII of the proposed second amended complaint (ECF No. 49 ¶ 50) and not as an express count, the court is comfortable this sufficiently addresses this aspect of the proposed second amended pleading.

The court further agrees with Defendant that Plaintiff's proposed harassment claim set forth at ECF No. 49 ¶¶ 46 through 47 is obviously time-barred on its face and, therefore, it shall be disallowed on grounds of futility. Exhaustion of administrative remedies need not be affirmatively alleged in a complaint; nor is it jurisdictional in nature. Plaintiff's EEOC charges of discrimination, however, fail even under the broadest of possible construction to allege or suggest that Plaintiff was subject to any physically threatening or sexual conduct of the sort alleged at paragraphs 46 and 47 of the proposed second amended complaint; Plaintiff's EEOC charges were strictly cabined to her complaints that she was treated differently from white, male employees who

"had similar infractions" and that she was fired for complaining of disparate treatment. *See Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII [or ADEA] lawsuit."); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("[A] plaintiff fails to exhaust [her] administrative remedies where . . . [her] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.") Further, even if Plaintiff had exhausted her EEOC administrative remedies in connection with a claim that her supervisor (Mr. Lamontagne) had engaged in the alleged conduct, Plaintiff failed to pursue action in this court in a timely manner. 42 U.S.C. § 2000e-5(f). (*See* ECF No. 19 at 7, alleging Plaintiff received her Notice of Right to Sue on September 9, 2022.) Regarding relation back, the facts and claims set forth in Plaintiff's complaint at ECF No. 1 and amended complaint at ECF No. 19 make no mention of anything of the sort alleged at paragraphs 46 and 47 of the proposed second amended pleading. These new allegations plainly fail to relate back under even the most generous view.

The court further finds that Defendant would be unduly prejudiced were the court to allow the addition of Plaintiff's proposed harassment claim, given that discovery has long since closed and Plaintiff offers no reason or justification for this 11th hour material new series of alleged facts. In view of the nature of the proposed harassment claim, the court finds that nothing in Plaintiff's earlier two pleadings would have put Defendant on notice to address these new allegations during discovery. It is unfair to expect Defendant to spend additional time and money re-opening depositions and the like; further the court is poised to impose a dispositive motions deadline in

short order – having previously suspended it to consider Plaintiff's proposed second amended complaint.

## IV. CONCLUSION

Subject to the court's order at ECF No. 53 denying the request to include Alton Lamontagne as a Defendant (which remains in full force and effect), for the reasons set forth herein and by separate order issued herewith: the court grants in part and denies in part the Motion at ECF No. 48 and directs that Madam Clerk docket ECF No. 49 as the second amended complaint in this action.

To be clear, this action shall proceed solely against Defendant National Railroad Passenger Corporation; shall not include the proposed harassment claim stated at paragraphs 46 and 47 of ECF No. 49; and Plaintiff is not entitled to the remand requested at paragraph 50 of ECF No. 49. Further, Plaintiff is advised that the court will not entertain a request to vacate or modify the award of the Special Board of Adjustment through this action; the court's ruling here has no bearing on Plaintiff's entitlement or right to pursue relief in a separate matter in accordance with 45 U.S.C. § 153.[10]

June 3, 2024

/S/

_____
Julie Rebecca Rubin
United States District Judge

---

[10] As previously advised, the court makes no findings of law or fact with respect to the parties' rights, entitlements, duties and obligations under 45 U.S.C. § 153 or any other provision of the RLA.